UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

# 09-21539

Public Concepts, LLC, individually and on
behalf of all others similarly situated,

CASE NO.:

### CIV-KING MAGISTRATE BANDSTRA

Plaintiff,

v.

CLASS ACTION COMPLAINT

Veritext Corp. d/b/a Veritext Florida Court
Reporting Company.

Defendant.

_____/

FILED by _AJS_ D.C.

JUN - 8 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff Public Concepts, LLC, individually and on behalf of all others similarly situated,

sues Defendant Veritext Corp. d/b/a Veritext Florida Court Reporting Company ("Veritext") and

alleges as follows:

## INTRODUCTION

1.    This is a class action arising out of Defendant's unfair and deceptive trade

practices in charging, overcharging, billing and/or collecting fees for multi-page computer-

generated word indexes related to transcripts of depositions, hearings, or other proceedings.

2.    Plaintiff brings this suit on behalf of all persons and entities in Florida who or

which, during the four years prior to the filing of this action and during the pendency of this

action (the "class period"), paid for a word index for a transcript at the per page rate charged by

Defendant for transcription services.

3.    Defendant is a licensed court reporting company in the business of providing legal

transcription services for depositions, hearings, trials, and other proceedings.  Plaintiff and the

Class hired Defendant to attend, record, and transcribe depositions, hearings, trials and other

proceedings.  Plaintiff and the Class paid Defendant for its services in attending, recording, and transcribing depositions, hearings, trials and other proceedings.

4.      Defendant provides transcription services through licensed court reporters who contract with or are employed by Defendant.  The court reporters transcribe testimony or other proceedings, typically resulting in a written transcript purchased by persons or entities such as Plaintiff and the Class.  Defendant routinely attaches computer-generated word indexes to the transcripts and charges for the indexes based on a per page fee that is the same per-page fee it charges for the actual transcription performed by the court reporters.  Although Defendant charges a per-page transcription for the indexes (which are not transcribed), it pays its licensed court reporters only for the pages of actual transcription and not for word indexes.

5.      Moreover, while Defendant's standard rate sheet discloses that it charges a per page rate for transcripts, it does not disclose a charge for indexes.  On the other hand, the rate sheet discloses a separate flat fee for both the condensed version of the transcript ("mini-script") *and* a word indexes to the condensed transcript.  Defendant did not disclose that it charged a fee for the index to the standard transcript, much less that the fee would be charged at the per-page transcription rate.

6.      As a result of the deceptive and unfair practices challenged in this action, Defendant charged Plaintiff and Class (1) a per-page rate for transcript pages; (2) the same per-page rate for non-transcribed word index pages; and (3) a flat fee for the condensed script and word index.  Defendant's rate sheet and invoices solely disclosed that Defendant charged a per page rate for the actual transcript, which constitutes the transcription services of the licensed court reporter, but did not disclose that Defendant charged the same per-page rate for the word

index, which is not a "transcript" of anything and thus does not require the services of a licensed court reporter.

7.      Defendant's practices offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers such as Plaintiff and the Class, and thereby violate Florida's Unfair and Deceptive Trade Practices Act.

**PARTIES**

8.      Plaintiff Public Concepts LLC is a resident of Florida, and does business in West Palm Beach, Florida.  During the Class Period, Plaintiff was charged for, and paid Veritext, for word indexes at the rate for transcription services.

9.      Defendant Veritext is a Delaware corporation with its principal place of business in New Jersey.  Defendant is registered to conduct business in Florida and, in fact, conducts business in Florida, at least in part at its office located at 515 N. Flagler Drive, West Palm Beach, Florida 33410.

**JURISDICTION, VENUE AND STATUTE OF LIMITATIONS**

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000 and members of the class are citizens of a state different from that of Defendant.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

13.     Defendant is a court reporting company that, among other things, provides professional official transcription services as set out above.  Defendant charges a flat fee

("appearance fee" or "per diem") for attending proceedings such as depositions, hearings, and trials, and through hired or contracted licensed court reporters charges a per-page fee to transcribe the testimony related to such proceedings.

14.     Typically, the party taking the deposition or setting the hearing pays the appearance fee and, if it orders the transcript of the proceeding, agrees to pay for the transcription of the testimony on a per-page basis. Further, if another party orders a copy of the transcription of the testimony, that party typically pays a lesser per-page charge for the copy. Finally, if either party wants any exhibit attached to a transcript, that party pays a per-page copy charge which is significantly less than the per-page transcription charge.

15.     Plaintiff and the Class paid Defendant a per-page fee for the transcription of a deposition, hearing, trial, or other proceeding. Defendant typically charged per page for the transcription, in addition to the appearance fee or per diem, and in addition to a flat fee for a condensed transcript and word index to that transcript.

16.     The word index, as the name implies, is a listing of words appearing in the transcript and a designation of the place in the transcript where the words appear. The index does not involve the transcription of testimony. The index is in all material respects identical to the one for which Plaintiff and the Class paid a flat fee as part of the condensed transcript package. Thus, without disclosing a fee for the index to the standard transcript, Defendant nevertheless charged Plaintiff and the Class for that transcript and did so at the same per-page rate as it charged for the transcript itself.

17.     While the transcription spoken word, such as a deposition examination and testimony, requires the labor and skill of the licensed court reporter, the deposition index is generated by a computer software program. The index does not require or involve any particular

labor or skill on the part of the licensed court reporter, is not a transcription of testimony, and is not even a part of the official legal transcript of the deposition, hearing or trial.

18.     Defendant recognizes the difference between a transcript of a proceeding and the index to that transcript: Defendant compensates its licensed court reporters based on the number of pages of spoken word they transcribe and not based upon the number of pages of the index attached to the particular transcript.  Yet, without disclosure, Defendant applied a different standard to Plaintiff and the Class and charged them for the index as if it were the transcript rather than what it is: a computer-generated attachment to the transcript.

19.     The index Defendant creates *from* the transcript of a deposition, hearing, trial or other proceeding does not constitute a transcript.  "Transcript" refers to "that which has been transcribed...commonly...*the record* of a trial, hearing or other proceeding as *prepared by a court reporter*" (Black's Law Dictionary, 6th Ed.; emphasis supplied), "an official recording of a legal proceeding," (uslegal.com) or "something transcribed or made by transcribing," (dictionary.com).  A transcript, for example, is the "word-for-word typing of everything that was said 'on the record' during the trial." (Black's Law Dictionary, 6th Ed.)

20.     In addition, in many instances Defendant double-charged Plaintiff and the members of the Class for the index, and did so at the improper transcription rate, meaning that it not only imposed the charge twice, but did so at an illegal rate.  When Defendant created the condensed transcript (a physically condensed version of the transcript in which four pages of the full transcript appear on one page), it charged Plaintiff and the Class a flat fee for an index for the condensed transcript, even though Defendant had already charged Plaintiff and the Class for the index as part of the original transcript.  This double charge also constitutes an unfair and deceptive trade practice.

21.     Defendant's charge of the per-page transcription fee for the index thus constitutes an unfair and deceptive trade practice because: (1) Defendant knowingly or intentionally charges for the computer-generated index as being a part of the "transcript"; (2) Defendant does not disclose that it charges its per-page transcription fee (which is for the services of a licensed court reporter) for each page of an index (which does not involve the transcription services of a licensed court reporter); (3) Defendant' standard rate sheet states that it charges a flat fee for the word index together with a mini-transcript;  and/or, (4) Defendant unreasonably overprices its charge for pages of an index.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action on its own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under, Fed.R.Civ.P. 23(a) and Fed.R.Civ.P. 23(b)(3).  The Class consists of potentially tens of thousands of Florida consumers Defendant victimized through its unfair and deceptive practices. Specifically, Plaintiff brings this suit on behalf of the following Class:

> All persons and entities in Florida who or which, for the four years prior to filing of this action and during the pendency of this action (the "class period") paid for a word index for a transcript and did so at a per page rate.  The class excludes counsel representing the class.

23.     Defendant subjected Plaintiff and the Class to the same unlawful practices and harmed them in the same manner.  Now, Plaintiff and the Class seek to enforce the same rights and remedies pursuant to the same legal theories:  (1) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and, (2) the common law of unjust enrichment.

24.     The Class is so numerous, at least in the thousands, that joinder of all members is impracticable;

a.     The claims of the Plaintiff and the Class raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the Class (and, indeed, these common questions predominate over individual ones);

b.     The claims of the Plaintiff are typical of the claims of the Class since they all arise from the same operative facts and are based on the same remedial or legal theories; and

c.     The Plaintiff can fairly and adequately represent the interests of each member of the Class and they intend to vigorously prosecute the interests of the Class through qualified counsel. Plaintiff has retained counsel experienced in handling class actions and consumer protection litigation. Neither Plaintiff nor its counsel has any interest that might cause them not to vigorously pursue this action.

25.    In addition, the requirements of Federal Rule of Civil Procedure 23 are satisfied by questions of law and fact common to the claims of Plaintiff and of each member of the Class and which predominate over any question of law or fact affecting only individual members of the Class. The common questions of law and fact include:

a.     Whether Defendant charged for the index to the transcript of depositions, hearing, trials or other proceedings and did so at the same per-page charge it charged for the transcription of testimony or other spoken word.

b.     Whether Defendant disclosed that it charged for the index of the transcript of testimony or other spoken word and that it did so at the same per-page charge it charged for the transcription of testimony or other spoken word;

c.     Whether Defendant's conduct was an "unfair practice" in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

d.      Whether Defendant's conduct was a "deceptive practice" in that it is likely to mislead consumers;

e.      Whether Defendant's practices were likely to deceive a consumer acting reasonably in the same circumstances;

f.      Whether Defendant's conduct caused harm to the class;

g.      Whether the members of the Class suffered damages; and,

h.      Whether Defendant was unjustly enriched through the operation of its schemes.

26.     A class action is a superior method for the fair and efficient adjudication of this controversy.   Upon information and belief, most members of the Class are unaware of the wrongs perpetrated against them or of their right to legal redress for those wrongs.   The practices complained of involve sums of money that are likely relatively small individually; however, while any individual claim amount may be small, defendant derived large aggregate profits from the complained violations, making a class action appropriate.

27.     Plaintiff is qualified to act as Class representative and undersigned counsel are qualified to act as counsel to the Class.

## COUNT I –VIOLATION OF FDUTPA

28.     Plaintiff incorporates paragraphs 1 through 27 as if fully restated herein.

29.     At all times material hereto, Plaintiff and all members of the Class were consumers within the meaning of Section 501.203, Florida Statutes, and are entitled to relief under FDUTPA in accordance with Section 501.211, Florida Statutes.

30.     At all times material hereto Defendant conducted trade and commerce within the meaning of Section 501.203, Florida Statutes.

31.    Defendant's conduct described above was an "unfair practice" in that it offended established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers by charging for the index as if it were a transcription and then charging for it twice.

32.    Defendant's conduct described above was a "deceptive practice" in that it was likely to mislead consumers about the nature of the charge imposed by Defendant with respect to the index.

33.    By engaging in the specific conduct alleged herein, Defendant committed and continues to commit unfair acts and practices in violation of FDUTPA.

34.    Plaintiff and the members of the Class acted as reasonable consumers in their transactions with defendant.

35     Defendant's conduct described above is contrary to public policy of this State and has caused substantial economic injury to Plaintiff and the class.

WHEREFORE, Plaintiff requests this Court to enter judgment in its favor and in favor of the Class and against Defendant as follows:

a.    An award of damages, prejudgment interest, attorneys' fees and costs;

b.    An award of post-judgment interest as provided by law;

c.    An award of suitable equitable, injunctive and declaratory relief, including enjoining Defendant from continuing to engage in the aforementioned deceptive and unfair practices; and,

d.    Such other and further relief as is just and appropriate.

## COUNT II - UNJUST ENRICHMENT

36.    Plaintiff incorporate paragraphs 1 through 27 as if fully restated herein.

37.    Plaintiff and the Class conferred a monetary benefit upon Defendant by paying defendant transcription services fees for pages of a deposition index with respect to which no transcription service was rendered.

38.    Plaintiff and the Class conferred a monetary benefit upon Defendant by paying twice for an index of the transcripts.

39.    Defendant appreciated, accepted and retained this monetary benefit. Defendant's acceptance and retention of this monetary benefit was inequitable because defendant did not provide transcription services with respect to the indexes and because Defendant was in any event not entitled to charge twice for preparing the indexes.

40.    As a result of its wrongful conduct Defendant has been unjustly enriched at the expense of Plaintiff and the Class.

41.    Defendant's wrongful conduct caused Plaintiff and the members of the class damages.

WHEREFORE, Plaintiff requests this Court to enter judgment in its favor and in the favor of the members the Class and against Defendant as follows:

a.    An award of damages, prejudgment interest, attorneys' fees and costs;

b.    An award of post-judgment interest as provided by law;

c.    An award of suitable equitable, injunctive and declaratory relief; and,

d.    Such other and further relief as is just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all matters so triable.

June 8, 2009

Respectfully submitted,

By: _Carlos M. Sires / CEG_
Carlos M. Sires (Florida Bar No. 319333)
Carl E. Goldfarb (Florida Bar No. 125891)
BOIES SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

By: _Michael J. Pike / CEG_
Gregory Coleman (Florida Bar No. 846831)
Michael J. Pike (Florida Bar No. 617296)
BURMAN, CRITTON, LUTTIER& COLEMAN, LLP
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 842-2820
Facsimile: (561) 515-3148

By: _Spencer T. Kuvin / CEG_
Theodore J. Leopold (Florida Bar No. 705608)
Spencer T. Kuvin (Florida Bar No. 089737)
LEOPOLD KUVIN, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401

Of Counsel:
William A. Isaacson, Esq.
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, D.C. 20015
Telephone Number: (202) 237-2727
Facsimile: (202) 237-6131

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Public Concepts, LLC, individually and on behalf of all others similarly situated | Veritext Corp. d/b/a Veritext Florida Court Reporting Company |

**(b)** County of Residence of First Listed Plaintiff  West Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  West Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Carlos M. Sires, Esq./ (954) 356-0011
Boies, Schiller & Flexner LLP
401 E. Las Olas Blvd., Suite 1200 Fort Lauderdale, FL 33301

09-CV-21539 - King/Bandstra

Attorneys (If Known)

FILED by _JIS_ D.C.

JUN - 8 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. — MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☑ YES ☐ NO

JUDGE Paul Huck     DOCKET NUMBER 09-21527

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 U.S.C. § 1332 (d)(2)

LENGTH OF TRIAL via _10_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

Carlos M. Sires /CEG

DATE

June 8, 2009

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 100244995

06/08/09